UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS MAY,

    Plaintiff,

v.

DANIEL HEYNS, ET AL.,

    Defendants.

                                   /

Case No. 15-10785

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER DENYING MOTION TO STAY [63]; ADOPTING IN PART REPORT & RECOMMENDATION [27]; ADOPTING REPORT & RECOMMENDATION [64]; DENYING DEFENDANTS' MOTION TO DISMISS [21] AS MOOT; DISMISSING DEFENDANTS EAGEN, COMBS, AND HEYNS; AND DISMISSING DEFENDANT HERNANDEZ WITHOUT PREJUDICE**

Plaintiff filed this lawsuit on March 3, 2015. Defendants filed a Motion to Dismiss [Dkt. #21] on September 14, 2015. On October 20, 2015, Plaintiff filed an Amended Complaint [25], which the Court accepted by Order [26] issued by the Magistrate Judge on November 30, 2015. On November 30, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) [27]. The R&R recommended that the Court deny Defendant's Motion to Dismiss as moot because it was directed at the original complaint. The R&R further recommended that the Court dismiss Plaintiff's Americans with Disabilities Act (ADA) claim and his claims against Defendants Heyns, Combs, and Eagen *sua sponte*. The R&R did not recommend dismissal of Plaintiff's First Amendment retaliation claim against Defendants

1 of 11

Hitchingham, Pond, Hernandez, and Riley. Plaintiff filed Objections to the R&R [35] on December 21, 2015.

Plaintiff filed a Motion to Stay [36] on December 30, 2015. On January 7, 2016, after ordering and receiving a response to Plaintiff's motion to stay, the Magistrate Judge issued an Order [42] granting the motion and staying the case until April 21, 2016. Plaintiff filed a Motion to Extend the Stay [56] on April 19, 2016. On April 21, 2016, the Magistrate Judge issued an Order [57] denying the motion. On May 9, 2016, Plaintiff filed Objections [63] to the order denying an extension of the stay.

On June 7, 2016, the Magistrate Judge issued a second R&R [64], recommending that the Court dismiss Defendant Hernandez from the case without prejudice due to Plaintiff's failure to provide an address for service of process. Plaintiff filed no objections to this R&R.[1]

For the reasons stated below, Plaintiff's Objections to Order Denying Motion to Stay [63] are **OVERRULED**. The first R&R [27] is **ADOPTED IN PART**: as recommended by the R&R, Defendants' Motion to Dismiss [21] is **DENIED** as moot and Plaintiff's claims against Defendants Eagen, Combs, and

---

[1] The second R&R was originally mailed to Plaintiff on June 7, 2016, and returned to the Court as undeliverable on June 13, 2016. On June 22, 2016, the Court received a Notice of Change of Address [66] from Plaintiff. The Court mailed the R&R to Plaintiff's new address on June 27, 2016.

Heyns are **DISMISSED** *sua sponte*. The Court declines to adopt the R&R's recommendation concerning *sua sponte* dismissal of Plaintiff's ADA claim. The second R&R [64] is **ADOPTED** in full: Defendant Hernandez is **DISMISSED** without prejudice.

## FACTUAL BACKGROUND

The first R&R [27] accurately describes the factual background of this case, in part, as follows:

> May alleges that "[t]he Michigan Parole Board issued an order of parole on July 5, 2012 with a projected release date of February 14, 2013[]" upon the condition that he "enter and complete the Residential Substance Abuse Treatment (RSAT) program." [R. 25, PgID 123]. After entering the RSAT program, May filed numerous grievances claiming that the conditions of the program violated MDOC's "Policy Directives." [*Id.*, PgID 123-24]. May claims that Pond, Hernandez, Hitchingham, and Riley had him terminated from the program, "in part" as retaliation for the grievances, and that Defendant Combs revoked his order of parole and gave him a 24-month continuance based on the termination report. [*Id.*]. He says Heyns, as the former Director of MDOC, allowed the RSAT program to be exempted from MDOC Policy Directives, which exposed him to the "unconstitutional act[]" of being terminated from the program for filing grievances. [*Id.*, PgID 122, 124]. May also appears to allege a claim under the Americans with Disabilities Act (the "ADA") against Hitchingham, Pond, Hernandez, and Riley. [*Id.*, PgID 124].

## ANALYSIS

I.  **Objections to Order Denying Stay**

A district court may set aside a magistrate judge's order on a nondispositive pretrial matter if it is clearly erroneous or contrary to law. *See* 28 U.S.C.

§ 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Magistrate Judge's Order [57] denying Plaintiff's Motion to Extend Stay [56] reads, in relevant part, as follows:

> On December 30, 2015, plaintiff Travis May, a state prisoner proceeding pro se, moved to stay these proceedings for 120 days because he was recovering from anti-viral meningitis and was in the process of being paroled. [R. 36]. The Court granted May's motion and stayed the proceedings until April 21, 2016. [R. 42]. May now requests that the stay be extended because his parole date was postponed and so that he has time to see his doctor. [R. 56].
> May fails to demonstrate that he would be prejudiced absent an extension of the stay, and he does not provide any other compelling reason to extend the stay. May's desire to see his doctor and the fact that his parole was postponed do not affect his ability to prosecute this case, which he voluntarily filed.

In his Objections [63] to this order, Plaintiff does not explain why a stay is necessary. He therefore fails to convince the Court that the order is clearly erroneous or contrary to law. His objections are overruled.

## II.   Objections to First R&R

The Court conducts *de novo* review of objections to a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1)(c).

### A.   Dismissal of Defendant Eagen

The R&R recommended *sua sponte* dismissal of Defendant Eagen, reasoning, in relevant part, as follows:

> The Court should … dismiss Eagen because he "is a Defendant in this action only to allow this Court to enter an order compelling him to

> unconditionally release Mr. May from his sentence." [R. 25, PgID 124]. As such, May fails to state any cause of action against Eagen. *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). To the extent May seeks injunctive relief in the form of termination of his sentence and release from prison, the amended complaint is frivolous. State prisoners may challenge their confinement by filing a habeas petition under 28 U.S.C. § 2254, not by filing a § 1983 civil rights complaint. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy … for the prisoner who seeks immediate or speedier release from confinement.") (citation and internal quotation marks omitted).

Plaintiff objects to dismissal of Defendan Eagen on the grounds that he is seeking injunctive relief against Defendant Eagen. However, the only injunctive relief requested in Plaintiff's Amended Complaint is "injunctive relief compelling the termination of his sentence." As the R&R explained, this relief is not available through Plaintiff's § 1983 claim. Plaintiff's objection to dismissal of Defendant Eagen is overruled.

### B. Dismissal of Defendant Combs

The R&R recommended *sua sponte* dismissal of Defendant Combs, reasoning, in relevant part, as follows:

> May alleges that Combs – while acting as the Parole Board Chairman – retaliated against him for filing grievances by "revok[ing] [his] order of parole and g[iving] him a twenty-four month continuance." [R. 25, PgID 123]. In revoking May's order of parole, Combs was exercising his decision-making powers as a parole officer; thus, his actions were judicial in nature, and he is entitled to absolute immunity for his conduct. *Horton v. Martin*, 137 Fed. Appx. 773, 775 (6th Cir. 2005) ("[P]arole board members are absolutely immune from liability

for their conduct in individual parole decisions when they are exercising their decision making powers.") (citation omitted); *see also Draine v. Leavy*, 504 Fed. Appx. 494, 495-96 (6th Cir. 2012). Because May's retaliation claim against Combs seeks monetary damages against an immune defendant, his claim fails and Combs must be dismissed under §§ 1915(e)(2)(B) and 1915A.

Plaintiff objects to dismissal of Defendant Combs on the grounds that he is seeking injunctive relief against Defendant Combs. As mentioned above, however, the only injunctive relief requested in Plaintiff's Amended Complaint is "injunctive relief compelling the termination of his sentence." As the R&R explained, this relief is not available through Plaintiff's § 1983 claim. Plaintiff's objection to dismissal of Defendant Combs is overruled.

### C. Dismissal of Defendant Heyns

The R&R recommended *sua sponte* dismissal of Defendant Heyns, reasoning, in relevant part, as follows:

> May alleges that Heyns, as the former MDOC Director, allowed the RSAT program to be exempt from MDOC Policy Directives, which exposed him to being terminated from the program for filing grievances. [R. 25, PgID 122, 124].
> A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). The Eleventh Amendment bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). As "an arm of the State of

> Michigan, the MDOC is entitled to sovereign immunity on the § 1983 claim." *McCoy v. Michigan*, 369 Fed. Appx. 646, 653 (6th Cir. 2010) (internal quotation marks and citation omitted). Because May's §1983 claim against Heyns is against him in his official capacity, Heyns is entitled to sovereign immunity. *See id.* at 653-54 ("the named Defendants, in their official capacities, are similarly entitled to immunity with respect to McCoy's § 1983 claim because a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, which is no different from a suit against the State") (internal quotation marks and citation omitted).

Plaintiff objects that he is seeking injunctive relief against Defendant Heyns "to eliminate Resident Substance Abuse Treatment (RSAT) program from being exempted from Michigan Department of Corrections' policy directives."

Plaintiff's Amended Complaint does not request such relief, as Plaintiff acknowledges by stating that he "forgot to add the [request for] injunctive relief against Mr. Heyns" to his complaint.  The Court has discretion under Federal Rule of Civil Procedure 15(a) to permit Plaintiff to amend his complaint to include such a request. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").  The Court declines to exercise this discretion.  Under the *Ex Parte Young* doctrine, the Eleventh Amendment does not bar claims against state officials for prospective injunctive relief against violations of federal law. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964

(6th Cir. 2013)). However, Plaintiff has not articulated any way in which the alleged exemption of the RSAT program from MDOC policy directives violates federal law. Plaintiff alleges only (and without elaboration) that the exemption has allowed him to be exposed to unconstitutional acts. Even if the exemption somehow facilitates actions that violate federal law, that does not mean that the exemption itself violates federal law. Because Plaintiff has not articulated a plausible basis for his proposed request for injunctive relief, the Court will not grant leave to amend his complaint to add that request.

The R&R's conclusion that Defendant Heyns is entitled to Eleventh Amendment immunity stands. Plaintiff's objection to dismissal of Defendant Heyns is overruled.

### D. Dismissal of Plaintiff's ADA claim

The R&R recommended *sua sponte* dismissal of Plaintiff's ADA claim against Defendants Pond, Hernandez, Hitchingham, and Riley, reasoning, in relevant part, as follows:

> May says he is protected by the ADA because he has a substance abuse disorder. [R. 25, PgID 124]. In support of his ADA claim, May alleges that when he "exhibited symptoms of his disease and dissatisfaction by writing grievances about the RSAT program conditions, Defendants . . . had [him] terminated from that program." [*Id.*]. May provides no other allegations regarding his ADA claim. He fails to articulate which of his rights under the ADA Defendants violated or how they violated them. While May's allegations create

> speculation as to a cause of action under the ADA, they fail to show an entitlement to relief.
>
> The Court construes pleadings filed by *pro se* litigants more liberally, but "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" and the Court will not "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation and internal quotation marks omitted). Indeed, *pro se* litigants still must plead a plausible claim for relief. *See Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012). Although May mentions the ADA and says that he is entitled to its protections, he does not claim that any defendant actually violated the ADA. Thus, even when accepting as true May's non-conclusory *and* conclusory statements, he fails to state a plausible claim under the ADA.

Plaintiff objects that he has alleged sufficient facts to state an ADA claim—specifically, he has "alleged that he has a recognized disability and that the Defendants who terminated him from RSAT did so knowing that they were denying him access to their program of rehabilitation."

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff appears to allege that Defendants terminated his participation in the RSAT program in part because he "exhibited symptoms of his disease." This could constitute exclusion from public services "by reason of [his] disability." Further, under the ADA's retaliation provision, "[n]o person shall discriminate against any individual because such

individual has opposed any act or practice made unlawful by" the ADA. *Id.* § 12203. Plaintiff alleges that Defendants terminated his participation in part because he filed grievances against the RSAT program's alleged violations of MDOC policy directives. If Plaintiff's grievances contested any acts or practices made unlawful by the ADA, then his alleged exclusion from the RSAT program because of those grievances may have violated the ADA's retaliation provision. Thus, construing Plaintiff's *pro se* pleading liberally, Plaintiff has stated a claim for relief under the ADA that is sufficiently plausible to avoid *sua sponte* dismissal. Plaintiff's objection to dismissal of his ADA claim is sustained.

### III.   Second R&R

The second R&R recommends that the Court dismiss Defendant Hernandez from the case without prejudice due to Plaintiff's failure to provide an address for service of process. Plaintiff filed no objections to this R&R. The Court having reviewed the record, the second R&R is adopted and entered as the conclusions and findings of the Court.

### CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Objections to Order Denying Motion to Stay [63] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the first R&R [27] is **ADOPTED IN PART**.  As recommended by the R&R, Defendants' Motion to Dismiss [21] is **DENIED** as moot and Plaintiff's claims against Defendants Eagen, Combs, and Heyns are **DISMISSED** *sua sponte*.  The Court declines to adopt the R&R's recommendation concerning *sua sponte* dismissal of Plaintiff's ADA claim.

**IT IS FURTHER ORDERED** that the second R&R [64] is **ADOPTED** and entered as the findings and conclusions of the Court.  Defendant Hernandez is **DISMISSED** without prejudice.

**SO ORDERED**.

Dated: August 25, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge