UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS MAY,

        Plaintiff,        Civil Action No.: 15-10785
                                   Honorable Arthur J. Tarnow
v.                                Magistrate Judge Elizabeth A. Stafford

DANIEL HEYNS, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND TO GRANT
PLAINTIFF'S MOTIONS FOR JURY TRIAL [ECF NOS. 78, 83, 84]**

**I.    INTRODUCTION**

Travis May, a state prisoner proceeding *pro se*, brings this 42 U.S.C. § 1983 action against clinical manager Julia Hitchingham, social worker Sheri Pond, and Deputy Warden Willie Riley,[1] alleging retaliation in violation of the First Amendment and the Americans with Disabilities Act (ADA), allegedly resulting in his termination from the Residential Substance Abuse Treatment (RSAT) program. [ECF No. 25]. Presently before the Court are May's motion for summary judgment and motions for jury trial.

---

[1] In May's amended complaint he also lists Daniel Heyns and Michael Eagen as defendants, but after an order was issued adopting in part and rejecting part this Court's reports and recommendations, May's claims are only against Hitchingham, Pond, and Riley. [ECF No. 70].

[ECF Nos. 78, 83, 84]. For the following reasons, the Court **RECOMMENDS** that May's motion for summary judgment be **DENIED,** and that his motions for jury trial be **GRANTED**.

II. **BACKGROUND**

May alleges in his amended complaint that "[t]he Michigan Parole Board issued an order of parole on July 5, 2012 with a projected release date of February 14, 2013[]" upon the condition that he "enter and complete the Residential Substance Abuse Treatment (RSAT) program." [ECF No. 25, PgID 123]. After entering the RSAT program, May filed numerous grievances claiming the conditions of the RSAT program violated MDOC's policy directives. [*Id.*]. He claims that defendants had him terminated from the program, "in part," as retaliation for writing those grievances. [*Id.*]. May also alleges that he is entitled to protection under the ADA due to his substance abuse disorder and that, once he "exhibited symptoms of his disease and dissatisfaction by writing grievances about the RSAT program conditions," the defendants terminated him from the program. [*Id.*, PageID 124].

III. **ANALYSIS**

A.

"The Court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001).

For his retaliation claim, May must demonstrate that he was excluded from the RSAT program at least in part because of the exercise of protected conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). He must show that he was excluded from the RSAT program due to his disability in order to establish his ADA claim. 42 U.S.C. § 12132. May does not satisfy his initial burden of providing the Court with evidence establishing that he was excluded from RSAT because of either retaliation or his disability; he simply reiterates in his motion for summary judgment the allegations that he made in his amended complaint. The exhibits he

attaches to his motion are devoid of evidentiary value with respect to the issues at hand. [ECF No. 78, PageID 345-67].

And in their response to May's summary judgment motion, defendants set forth evidence that May was discharged from the RSAT because he was disruptive and uncooperative in his group therapy sessions. Pond asserts in her affidavit that she does "not recall the exact reason for Mr. May's termination from the RSAT program," but that he was "very disruptive to the therapeutic community and taking up time and resources from staff and his peers because of his attention-seeking behavior." [ECF No. 80-2, PageID 391]. She further claims that May's termination from the RSAT program was not due to the grievances he filed. [*Id.*]. Similarly, Hitchingham, a RSAT Clinical Manager, claims that May's uncooperative and disruptive behavior caused chaos in the group therapy session and that he was ultimately terminated from the RSAT program for lack of progress. [ECF No. 80-3, PageID 396]. In Deputy Warden Riley's affidavit, he claims that May divulged confidential information from the therapy sessions to those outside of the group and that the sole reason he was removed was his own behavior. [ECF No. 80-4, PageID 401]. May's RSAT removal form described him as creating chaos in the group, as well as asserting that he did not want to be in RSAT in the first place:

> Resident has caused chaos in RSAT since he was transferred
> into the program.  He continuously talks about filing lawsuits
> and grievances against RSAT employees, the parole board,
> and the MDOC.  He believes that he is imprisoned unlawfully by
> the parole board because they sent him to RSAT and made him
> go past his earliest release date.  He has openly stated that he
> doesn't want to be in RSAT and he has filed numerous
> grievances to get himself out of RSAT and he admits to
> attempting to sell his legal services to others, to help them get
> out of RSAT.  This behavior causes chaos in the house
> because he bashes staff, MDOC, and the parole board to
> others in RSAT, and it causes the most detriment to new house
> members. . . . He is resisting most of his treatment.  He has
> refused to engage in certain parts of treatment, for example, he
> refused to say the SHAR philosophy and participate in some
> morning and evening meets, which are required and not
> optional. . . . In group he goes off on tangents and isn't easily
> redirected, as he talks over others.  Resident has been told that
> he needs to focus on himself in treatment in order to get help,
> he hasn't changed the behavior therefore he is not progressing
> in treatment and he is not getting the help he needs in RSAT.
> He told this therapist that she was going to have to kick him out
> of RSAT because he wasn't going to sign out even though he
> didn't want to be in RSAT.  He then claimed he was threatened
> and wanted to lock up for his protection, a threat was not
> substantiated and resident was found to be dishonest.
> Resident is being terminated for lack of progress.

[ECF No. 80-5, PageID 405].

So even if May had satisfied his initial burden, defendants have responded with specific evidence showing a genuine dispute for trial on the issue of why May was terminated from the RSAT program, and May's motion for summary judgment should be denied.

**B.**

May has also filed two motions for a jury trial. [ECF Nos. 83, 84]. Defendants did not respond. The Seventh Amendment guarantee of the right to a jury trial applies to actions seeking legal relief under Section 1983, although a jury trial is not necessary for threshold issues such as jurisdiction, or matters of judicial administration such as whether claims are properly exhausted. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999); *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Here, May requests compensatory and punitive damages, which constitutes legal relief subject to the Seventh Amendment guarantee. [ECF No. 25, PageID 125].

Under Federal Rule of Civil Procedure 38(b)(1), May should have made his demand for a jury trial within 14 days after the last pleading, but Federal Rule of Civil Procedure 39(b) allows a court to order a jury trial even when it was not properly demanded. Given May's *pro se* status and the absence of objection from defendants, May's request for a jury trial should be granted.

**IV. CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that May's motion for summary judgment **[ECF No. 78]** be **DENIED**, and his motions for jury

trial **[ECF Nos. 83, 84]** should be **GRANTED**.

Dated: April 24, 2017  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

7

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
