UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T‍RAVIS M‍AY,

        Plaintiff,

v.

D‍ANIEL H‍EYNS, ET AL.,

        Defendants.
_____/

Case No. 15-10785

S‍ENIOR U.S. D‍ISTRICT J‍UDGE
A‍RTHUR J. T‍ARNOW

U.S. M‍AGISTRATE J‍UDGE
E‍LIZABETH A. S‍TAFFORD

**O‍RDER A‍DOPTING R‍EPORT AND R‍ECOMMENDATION [92]; O‍VERRULING P‍LAINTIFF'S O‍BJECTIONS [93]; D‍ENYING P‍LAINTIFF'S M‍OTION FOR S‍UMMARY J‍UDGMENT [78]; AND G‍RANTING P‍LAINTIFF'S M‍OTIONS FOR J‍URY T‍RIAL [83, 84]**

Plaintiff Travis May, a state prisoner proceeding pro se, brings claims pursuant to 42 U.S.C. § 1983 against Defendants, clinical manager Julia Hitchingham, social worker Sheri Pond, and Deputy Warden Willie Riley. On April 24, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) [92] advising the Court to deny Plaintiff's Motion for Summary Judgment [78] and grant Plaintiff's Motions for Jury Trial [83, 84]. Plaintiff filed his Objections [93] to the R&R on May 10, 2017, two days after the deadline.

For the reasons explained below, the Court **ADOPTS** the Report and Recommendation [92]. Plaintiff's Objections to the Report and Recommendation [93] are **OVERRULED**. Plaintiff's Motion for Summary Judgment [78] is **DENIED**. Plaintiff's Motions for Jury Trial [83, 84] are **GRANTED**.

# FACTUAL BACKGROUND

The Court adopts the facts as set forth in the R&R:

> May alleges in his amended complaint that "[t]he Michigan Parole Board issued an order of parole on July 5, 2012 with a projected release date of February 14, 2013[]" upon the condition that he "enter and complete the Residential Substance Abuse Treatment (RSAT) program." [ECF No. 25, PgID 123]. After entering the RSAT program, May filed numerous grievances claiming the conditions of the RSAT program violated MDOC's policy directives. [*Id.*]. He claims that defendants had him terminated from the program, "in part," as retaliation for writing those grievances. [*Id.*]. May also alleges that he is entitled to protection under the ADA due to his substance abuse disorder and that, once he "exhibited symptoms of his disease and dissatisfaction by writing grievances about the RSAT program conditions," the defendants terminated him from the program. [*Id.*, PageID 124].

# ANALYSIS

Plaintiff appears to raise the following general objections:

- Defendant William Riley should not have been permitted to file a signed affidavit after initially filing an unsigned affidavit;
- Nowhere on the RSAT removal form does it state that Plaintiff's dismissal from the program was due to his own behavior; and
- Defendants' affidavits do not contain truthful statements.

In his Objections, Plaintiff simply makes conclusory allegations as to his claim for relief. Plaintiff does not provide any specific explanation as to why the Magistrate Judge erred, nor does he cite to any legal authority to support his conclusions. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object." *Cole v. Yukins*, 7 F. Appx. 354, 356 (6th Cir. 2001). "'[O]bjections

disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error' are too general." *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Because Plaintiff has failed to "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection," the Court will overrule his objections. *Martin v. LaBelle*, 7 Fed. Appx. 492, 494 (6th Cir. 2001).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [92] is **ADOPTED** and entered as the findings and conclusions of the Court. Plaintiff's Objections to the Report and Recommendation [93] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [78] is **DENIED**. Plaintiff's Motions for Jury Trial [83, 84] are **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: July 10, 2017   Senior United States District Judge